**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION**

_____

| | | |
|---|---|---|
| COMMONWEALTH BRANDS, INC.; | * | |
| CONWOOD COMPANY, LLC; DISCOUNT | * | |
| TOBACCO CITY & LOTTERY, INC.; | * | |
| LORILLARD TOBACCO COMPANY; | * | |
| NATIONAL TOBACCO COMPANY, L.P.; and | * | |
| R. J. REYNOLDS TOBACCO COMPANY, | * | |
| | * | |
| Plaintiffs, | * | CIVIL ACTION |
| | * | NO. 1:09-cv-0117-M |
| v. | * | (Electronically Filed) |
| | * | |
| UNITED STATES OF AMERICA; UNITED | * | |
| STATES FOOD AND DRUG | * | |
| ADMINISTRATION; MARGARET | * | |
| HAMBURG, Commissioner of the United States | * | |
| Food and Drug Administration; and KATHLEEN | * | |
| SEBELIUS, Secretary of the United States | * | |
| Department of Health and Human Services, | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____*

**MOTION FOR SUMMARY JUDGMENT OF
PLAINTIFFS COMMONWEALTH BRANDS, INC., CONWOOD
COMPANY, LLC, DISCOUNT TOBACCO CITY & LOTTERY, INC.,
LORILLARD TOBACCO COMPANY, NATIONAL TOBACCO COMPANY, L.P.,
AND R.J. REYNOLDS TOBACCO COMPANY**

Pursuant to Federal Rule of Civil Procedure 56, plaintiffs Commonwealth Brands, Inc.,

Conwood Company, LLC, Discount Tobacco City & Lottery, Inc., Lorillard Tobacco Company,

National Tobacco Company, L.P., and R.J. Reynolds Tobacco Company (hereinafter

"Plaintiffs") submit this Motion for Summary Judgment on Counts 1-12 and 14 of their

Amended Complaint.[1]  As grounds for their Motion, Plaintiffs state as follows.

---

[1]  Given the expedited briefing schedule entered by this Court, Plaintiffs do not anticipate the need for preliminary injunctive relief beyond the interim relief previously requested.  However, should this Court conclude that Count 1, Count 2 insofar as it applies to smokeless tobacco products, or Count 4 cannot be resolved on summary judgment, or otherwise cannot be resolved on an expedited basis, Plaintiffs hereby move for entry of a preliminary injunction on those counts.

The Family Smoking Prevention and Tobacco Control Act, Pub. Law No. 111-31 (2009) (the "Act"), is the most comprehensive regulation of the speech of a lawful industry in American history.  It blocks or impedes virtually every avenue that Plaintiffs have to communicate effectively with adult tobacco consumers, wholly without regard to whether that communication is directed to adults or youth.  In doing so, Congress failed to achieve the principal purpose of the Act's myriad restrictions on Plaintiffs' "advertising and marketing," which was "to curb tobacco use by adolescents," §§ 2(6), 3(2), while "continu[ing] to permit the sale of tobacco products to adults," *id.* § 3(7).  More importantly, Congress failed to heed the Supreme Court's repeated admonitions that, "so long as the sale and use of tobacco is lawful for adults, the tobacco industry has a protected interest in communicating information about its products and adult customers have an interest in receiving that information," *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 571 (2001), and that "regardless of the strength of the Government's interest in protecting children, the level of discourse reaching a mailbox simply cannot be limited to that which would be suitable for a sandbox," *Reno v. ACLU*, 521 U.S. 844, 875 (1997) (internal quotation marks omitted).  In short, "'the governmental interest in protecting children from harmful materials … does not justify an unnecessarily broad suppression of speech addressed to adults.'"  *Lorillard*, 533 U.S. at 564.

Here, the Act's numerous commercial speech restrictions fail First Amendment scrutiny because the Government cannot overcome the following facts:

1. Virtually all tobacco products in this country are consumed by adults (98+%);

2. The Act significantly impairs Plaintiffs' ability to communicate truthfully and non-misleadingly with those adult consumers;

3. There is no evidence that any of the Act's specific speech restrictions will significantly reduce youth tobacco use; and

4. There are literally dozens of widely accepted non-speech-restrictive alternatives that would reduce youth tobacco use.

Indeed, for similar reasons, the Supreme Court has struck down eight of the last ten restrictions on commercial speech that it has considered.

The Court's cases make clear that restrictions on speech, including commercial speech, must be narrowly tailored and based on *genuine* evidence, not speculation or conjecture. But here, the evidence shows that, instead of carefully considering what types of laws are currently necessary, Congress lifted most of the challenged provisions virtually verbatim from speech restrictions that the FDA first proposed over a decade ago in 1995, when youth tobacco use was much higher and *increasing*. But in the intervening fourteen years, the industry, the public health community, the states, and the federal government have employed a variety of non-speech-restrictive strategies to reduce youth tobacco use, and those strategies have proven effective. Youth tobacco use is now at an all-time low and *decreasing*. In fact, as discussed in Plaintiffs' accompanying Memorandum in Support, according to the Institute of Medicine, if no new regulations were adopted at all, by 2025, tobacco use would *still* drop by another 25%. Yet the Act accounts for none of this, adopting 14-year-old speech restrictions that were addressed to an issue that has since changed dramatically, without considering how these restrictions compare to the *proven* non-speech-restrictive strategies that have been used in the interim and that, there is every reason to believe, would achieve still greater success if continued and expanded.

In support of their Motion, Plaintiffs rely on their accompanying Memorandum in Support, the declarations, affidavits and supporting materials that Plaintiffs filed on November 13, 2009, the testimony and Plaintiffs' exhibits and demonstrative exhibits from the hearing conducted by this Court on October 8, 2009, and all prior memoranda and supporting materials they have previously submitted in this action.

WHEREFORE, Plaintiffs respectfully request that this Court grant summary judgment in Plaintiffs' favor on Counts 1-12 and 14 of the Amended Complaint and enter the declaratory and

injunctive relief requested therein.

## **Request for Hearing**

Pursuant to LR 7.1(f) and in accordance with this Court's Order entered October 5, 2009,

Plaintiffs request a hearing on their Motion to the extent the Court believes oral argument would

be helpful in deciding the issues presented.

ENGLISH, LUCAS, PRIEST & OWSLEY LLP
1101 College Street, P.O. Box 770
Bowling Green, KY 42102-0770
Telephone:  (270) 781-6500
Fax:  (270) 782-7782
Email:  kames@elpolaw.com

*/s/ Charles E. English*
CHARLES E. ENGLISH
CHARLES E. ENGLISH, JR.
D. GAINES PENN
E. KENLY AMES

ATTORNEYS FOR PLAINTIFFS

- and -

Robert F. McDermott, Jr. *(pro hac vice)*
Donald B. Ayer *(pro hac vice)*
Geoffrey K. Beach *(pro hac vice)*
Noel J. Francisco *(pro hac vice)*
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939

- and -

Leon F. DeJulius, Jr. *(pro hac vice)*
JONES DAY
500 Grant St., Suite 4500
Pittsburgh, PA  15219
Telephone:  (412) 391-3939

ATTORNEYS FOR PLAINTIFFS CONWOOD
COMPANY, LLC AND R.J. REYNOLDS
TOBACCO COMPANY

- and -

Floyd Abrams *(pro hac vice)*
Joel Kurtzberg *(pro hac vice)*
Kayvan Sadeghi *(pro hac vice)*
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY  10005-1702
Telephone:  (212) 701-3000

ATTORNEYS FOR PLAINTIFF LORILLARD
TOBACCO COMPANY

- and -

Philip J. Perry *(pro hac vice)*
LATHAM & WATKINS LLP
555 11th Street, NW, Suite 1000
Washington DC  20004-1304
Telephone:  (202) 637-2200

ATTORNEYS FOR PLAINTIFF
COMMONWEALTH BRANDS, INC.

- and -

LeAnne Moore *(pro hac vice)*
NATIONAL TOBACCO COMPANY, L.P.
3029 W. Muhammad Ali Boulevard
Louisville, KY  40212
Telephone:   (731) 364-5419, ext. 4155
E-mail:  lmoore@nationaltobacco.com

ATTORNEYS FOR PLAINTIFF
NATIONAL TOBACCO COMPANY, L.P.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2009, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Andrew E. Clark – andrew.clark@usdoj.gov

Michael D. Ekman – Michael.Ekman@usdoj.gov

William F. Campbell - Bill.Campbell@usdoj.gov

Alisa B. Klein – alisa.klein@usdoj.gov

Samantha L. Chaifetz - samantha.chaifetz@usdoj.gov

Daniel Tenny - daniel.tenny@usdoj.gov

Nicholas J. Bagley - nicholas.bagley@usdoj.gov

Sarang V. Damle - sarang.damle@usdoj.gov

Daniel K. Crane-Hirsch - daniel.crane-hirsch@usdoj.gov

James T. Nelson - james.nelson2@usdoj.gov

Jessica R. Gunder - jessica.r.gunder@usdoj.gov

Joel D. Schwartz - joel.schwartz@usdoj.gov

Karen Schifter - karen.schifter@fda.hhs.gov

Jennifer A. Moore - JMoore@gminjurylaw.com

Allison M. Zieve – azieve@citizen.org

Joe B. Campbell - campbelljoebill@bellsouth.net

*/s/ E. Kenly Ames*_____
E. KENLY AMES

870176